IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY BOTELER, #256161, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-382-WHA |
| | ) [WO] |
| | ) |
| RENE MASON, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jerry Boteler ["Boteler"], an indigent inmate, initiated this 42 U.S.C. § 1983 action challenging actions taken against him at the Bullock Correctional Facility. The order of procedure entered in this case specifically directed Boteler to immediately inform the court of any change in his address. *May 27, 2014 Order - Doc. No. 4* at 5.

The court recently issued an order a copy of which the Clerk mailed to Boteler. The postal service returned this order because Boteler no longer resided at the address he had last provided to the court. In light of the foregoing, the court entered an order requiring that on or before August 5, 2014 Boteler inform the court of his present address. *July 25, 2014 Order - Doc. No. 12*. The order specifically advised Boteler that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in a Recommendation that this case be dismissed. *Id*. The postal service also returned this order as undeliverable. The court has received no response

from Boteler to the aforementioned order nor has he provided the court with his current address as required by the order of procedure.

As is clear from the foregoing, Boteler has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Boteler is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that on or before September 18, 2014 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of September, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE